UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDREY AIKENS,

       Plaintiff,

                                            Case No. 15-12016
v.                                       Honorable Linda V. Parker

JOLANDRA MACK, et al.,

       Defendants.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S FEBRUARY 21, 2017 REPORT AND RECOMMENDATION [ECF NO. 33] AND (2) GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 21, 30]</u>**

On June 3, 2015, Plaintiff Audrey Aikens commenced this civil rights action against Defendant Jolandra Mack and Defendant Krista Boyd (collectively "Defendants") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In her complaint, Plaintiff alleges that Defendants violated her rights under the Eighth Amendment.[1] (*Id.* at Pg ID 5.) The matter has been referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all

---

[1] Plaintiff also alleged that Defendants violated her Fourteenth Amendment rights because "[t]he Fourteenth Amendment prohibits cruel and unusual punishment." (ECF No. 1 at Pg ID 5.) The Eighth Amendment's protections extend to pretrial detainees by operation of the Due Process Clause of the Fourteenth Amendment. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). Because Plaintiff has been convicted, the Court analyzes her claim under the Eighth Amendment.

non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 7.)

## I. Background

Defendants Mack and Boyd filed motions for summary judgment on April 11, 2016 and September 30, 2016, respectively. (ECF Nos. 21 and 30.) On February 21, 2017, Magistrate Judge Whalen issued a Report & Recommendation ("R&R") recommending that this Court grant Defendants' motions for summary judgment on the grounds of qualified immunity. (ECF No. 33.)

In the R&R, Magistrate Judge Whalen finds that Defendants are entitled to qualified immunity because Plaintiff cannot demonstrate that she was entitled to a constitutional right that was clearly established to the extent that a reasonable person in the Defendant's position would know that the conduct complained of was unlawful. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001). Specifically, Magistrate Judge Whalen determined that no constitutional rights were violated when Plaintiff was denied bathroom facilities while the corrections officers completed their rounds. (ECF No. 33 at Pg ID 224.) The magistrate judge also found that the corrections officers were not deliberately indifferent when they locked her in the utility closet for a short period of time. (*Id.* at Pg ID 223-24.) While recognizing that Plaintiff's request to use the restroom immediately was

2

reasonable, Magistrate Judge Whalen found that Defendants' actions in denying Plaintiff access to the bathroom and locking her in the closet during rounds were reasonable under the circumstances.  (*Id.* at Pg ID 228.)

At the end of the R&R, Magistrate Judge Whalen informs the parties that they must file any objections within fourteen days.  (*Id.*)  He further advises that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal."  (*Id.*, citations omitted).  Plaintiff filed objections to the R&R on March 13, 2017.  (ECF No. 34.)

## II. Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions to an R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III.  Analysis

In her objection, Plaintiff raises the same argument she made in her opposition brief to Defendants' motions for summary judgment.  Plaintiff argues that Defendants Mack and Boyd were "deliberately indifferent to [Plaintiffs] urgent need of a toilet inflicting not only pain from her attempt to hold her bodily function, but also the emotional pain and humiliation resulting from the officer's denial."  (ECF No. 34 at Pg ID 237.)   However, Plaintiff has failed to establish that Defendants were aware that she had a medical condition that required near immediate bathroom use.  Therefore, this Court is unable to determine that the Defendants were deliberately indifferent to Plaintiff's pain.

Without a finding of deliberate indifference, Plaintiff's claim fails.  As Magistrate Judge Whalen discussed in his R&R, there is no established right for an inmate to have immediate access to a bathroom on demand.  (ECF No. 33 at Pg ID 227; *see also Abdur-Reheem-X v. McGinnis*, 198 F.3d 244 (Table), 1999 WL 1045069 at *2 (6th Cir. 1999)).  Without establishing a violation of a constitutional right, Plaintiff is unable to defeat Defendants' claims for qualified immunity.  Thus the Court adopts Magistrate Judge Whalen's recommendation finding that Defendants are entitled to qualified immunity.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Whalen's February 21, 2017 R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that the Defendants Mack and Boyd's motions for summary judgment (ECF Nos. 21, 30) are **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 27, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 27, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager