UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDREY AIKENS,

    Plaintiff,

v.

                                          Case No. 15-cv-12016
                                          Honorable Linda V. Parker

JOLANDRA MACK, *et al*.,

    Defendants.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 37]**

Plaintiff, a *pro se* litigant, commenced this civil rights action against Defendants pursuant to 42 U.S.C. § 1983 on June 3, 2015. The matter was referred to Magistrate Judge R. Steven Whalen for all pretrial proceedings, and on February 21, 2017, Magistrate Judge Whalen issued a report and recommendation ("R&R") recommending this Court grant motions for summary judgment (ECF Nos. 21, 30) filed by Defendant Jolandra Mack and Defendant Krista Boyd. Plaintiff filed objections to the R&R. In an opinion and order entered on March 27, 2017, this Court adopted Magistrate Judge Whalen's recommendation and entered judgment in favor of Defendants. Presently before the Court is Plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 37.) For the reasons that follow, the Court denies Plaintiff's motion.

## Applicable Standards

Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and a different disposition of the case would result from a correction of such defect. E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F. 3d 367, 374 (6th Cir.1998)). Therefore, a motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id.*

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp., Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to

raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, 127-28 (2d ed. 1995)). As several judges in this District have stated,

> "[Rule 59(e)] motions . . . are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented."

*Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997), *aff'd* 194 F. 3d 1339 (Fed. Cir. 1999)). "[A motion to alter or reconsider a judgment] 'is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'" *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Ltd. Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

## Analysis

In her motion, as she did in her objection to Magistrate Judge Whalen's R&R, Plaintiff mostly reiterates the original arguments she made in response to Defendants' summary judgment motions. She does not present any new information that would warrant a different treatment of her claims. Plaintiff

improperly attempts to use the relief afforded in Rule 59(e) as a vehicle to restate her previous arguments. Therefore, Plaintiff has not persuaded the Court that she is entitled to relief under Local Rule 7 or Federal Rule of Civil Procedure 59(e).

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for reconsideration (ECF No. 37) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 11, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 11, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager